## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD V. SNOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01319-JPG |
| | ) | |
| ROGER EHLER, | ) | |
| JEREMY HENNING, | ) | |
| JOHN DOE, | ) | |
| OFFICER DRAPER, | ) | |
| OFFICER McCUARY, and | ) | |
| DEA PERSONNEL OF SOUTHERN | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald Snowden, a detainee at Williamson County Jail located in Marion, Illinois, filed this *pro se* action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff claims he was unlawfully arrested and held for failing to appear or pay fines for a conviction that he has already "done time for" on August 2, 2019. (*Id*. at p. 6). Drug Enforcement Agency ("DEA") personnel allegedly coerced him to confess to drug-related activity. (*Id*.). Plaintiff seeks an order enjoining the use of information obtained during his arrest and confession in his pending criminal case, *i.e., United States v. Snowden*, No. 19-cr-00481-JPG (S.D. Ill. 2019). (*Id*. at p. 7). He also seeks money damages from the defendants. (*Id*.).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally

1

frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): On or around August 2, 2019, Plaintiff was arrested for failing to appear or pay fines for an undisclosed offense he has already "done time for." (*Id.*). DEA personnel coerced a confession from Plaintiff, who admitted to drug activity because he feared for his safety. (*Id.*). Although he had sufficient funds to post bail, he was not allowed to do so. (*Id.*). Officers Draper and McCuary also refused his request to contact his attorney. (*Id.*). Plaintiff brings claims against defendants for excessive force, abusive actions, a coerced confession, due process violations, intimidation/threats, and unspecified First Amendment violations. (*Id.*).

Based on the allegations, the Court designates the following claims in this *pro se* action:

**Count 1:** Defendants subjected Plaintiff to an unlawful seizure/arrest in violation of his constitutional rights on or around August 2, 2019.

**Count 2:** Officers Draper and McCuary refused to let Plaintiff "bond out" or contact his attorney in violation of his constitutional rights on or around August 2, 2019.

**Count 3:** DEA personnel coerced a confession from Plaintiff following his arrest on or around August 2, 2019 in violation of his constitutional rights.

**Count 4:** Defendants used excessive force, abusive actions, intimidation/threats against Plaintiff in violation of his due process rights on or around August 2, 2019.

**Count 5:** Defendants violated unspecified First Amendment rights in connection with Plaintiff's arrest on or around August 2, 2019.

**Any claim(s) encompassed by the allegations in the Complaint but not addressed herein is/are considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. *Bivens* provides a limited damages remedy for violations of federal constitutional law by persons acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff cannot use *Bivens* to attack his pending criminal charges or obtain release from confinement. This appears to be his primary motivation for filing this suit.

Plaintiff filed the Complaint on December 2, 2019. (Doc. 1). On or around the same date in his criminal case, *United States v. Snowden*, No. 19-cr-00481-JPG (S.D. Ill. 2019), Plaintiff filed a Motion for Detention Hearing (Doc. 27, filed Nov. 6, 2019) seeking release from confinement and a Motion to Dismiss (Doc. 29, filed Dec. 2, 2019) the pending criminal charges for distribution of methamphetamines. Both motions were stricken because Plaintiff was represented by counsel (*see* Doc. 30). He appealed (Doc. 31). The Seventh Circuit Court of Appeals denied his motions and dismissed his appeal (Docs. 37 and 41).

In this suit, Plaintiff seeks an order enjoining the use of any information obtained during his coerced confession in his pending criminal case and also seeking his release from confinement. *Bivens* does not authorize this Court to enjoin the use of incriminating information in the pending criminal case or release Plaintiff from confinement.

Plaintiff should pursue all available defenses in his criminal case. If he is not satisfied with the results, Plaintiff may file a direct appeal or pursue a collateral attack on his conviction and/or

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

sentence. He may also challenge the fact or duration of his confinement by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); 28 U.S.C. § 2241. This Order does not preclude him from taking this action.

Plaintiff also seeks money damages for various violations of his constitutional rights that occurred in connection with his arrest on August 2, 2019, but these claims do not survive preliminary review. Counts 1, 2, 3, 4, and 5 lack sufficient factual support in the Complaint to proceed under the pleading standard set forth in *Twombly*. Plaintiff relies on bald and conclusory allegations in support of these claims. With regard to Count 1, Plaintiff faults one or more defendants for making an unlawful arrest on August 2, 2019, but he does not name anyone in connection with this claim or offer sufficient detail to establish a violation of his constitutional rights. With regard to Count 2, Plaintiff relies entirely on conclusory and threadbare statements to assert a claim against Draper and McCuary. As for Counts 3, 4, and 5, Plaintiff offers even less information—resorting to cursory descriptions of misconduct unassociated with any particular individuals—in support of his claims. He vaguely refers to threats, intimidation, abusive action, excessive force, First Amendment violations, due process violations, and a coerced confession without explanation. This is not enough to satisfy *Twombly* or Rule 8 of the Federal Rules of Civil Procedure. Counts 1, 2, 3, 4, and 5 shall therefore be dismissed for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff's failure to mention Roger Ehler, Jeremy Henning, and John Doe in the statement of claim provides independent grounds for dismissal of all claims against these individuals. Merely invoking the name of potential defendants is not sufficient to state a claim against them. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). This is because the

Court is unable to discern what claims Plaintiff brings against these Defendants. All claims against Ehler, Henning, and Doe shall be dismissed from this action as well.

Given these numerous deficiencies in the Complaint, the Court finds that dismissal of all claims against the defendants is appropriate. However, the dismissal of the Complaint shall be without prejudice. If Plaintiff wishes to re-plead any claims for money damages in this action, he must do so according to the deadline and instructions in the below disposition.

## Pending Motions

Plaintiff's Motions for Recruitment of Counsel (Docs. 3 and 10) are **DENIED without prejudice**. In his first motion, Plaintiff failed to demonstrate reasonable efforts to locate counsel on his own. (Doc. 3). In his second motion, Plaintiff lists several attorneys he contacted but fails to list the dates of all contacts or provide a basic description of each response he received. (Doc. 10). In addition, he cites no significant impediments to self-representation in either motion. (Docs. 3 and 10). As a college graduate with no disclosed physical, mental, medical, language, or educational barriers, Plaintiff appears capable of representing himself in this matter. However, if his situation changes, Plaintiff may renew his request by filing a new motion, after first attempting to locate counsel on his own.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1)—including **COUNTS 1, 2, 3, 4,** and **5**—is **DISMISSED** without prejudice for failure to state a claim for relief against Defendant**s ROGER EHLER, JEREMY HENNING, JOHN DOE, OFFICER DRAPER, OFFICER McCUARY, DEA PERSONNEL OF SOUTHERN ILLINOIS.**

**IT IS ORDERED** that Plaintiff's request for injunctive relief and release from confinement are **DISMISSED with prejudice** from this action, but without prejudice to any

5

request for this relief in his pending criminal case, a collateral attack, or habeas action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 7, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 19-cv-01319-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, whether or not Plaintiff amends. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/10/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
