IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD V. SNOWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01319-JPG |
| ) | |
| ROGER EHLER, ) | |
| JEREMY HENNING, ) | |
| INVESTIGATING OFFICERS, ) | |
| OFFICER DRAPER, ) | |
| CITY OF CARBONDALE POLICE ) | |
| DEPARTMENT, and ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the Second Amended Complaint filed by Plaintiff Donald Snowden pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 19). There, Plaintiff claims he was unlawfully interrogated on August 2, 2019. (*Id*. at 7). He was later arrested for presumably making self-incriminating statements. (*Id*.). Plaintiff seeks money damages from the defendants. (*Id*. at 8).

The Second Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Second Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b).

1

At this juncture, the factual allegations in the *pro se* Second Amended Complaint are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

Plaintiff alleges that he was unlawfully detained on August 2, 2019.  (Doc. 19, p. 6).  After he posted bond, Officer Draper told Plaintiff he could not leave the Jail until speaking with officers upstairs.  When Plaintiff requested permission to speak with his attorney first, Officer Draper denied the request.  Plaintiff also requested mental health treatment, but he never received it.

From 2-11:00 p.m., DEA Special Agent Roger Ehler "hosted" an interrogation of Plaintiff.  Ehler denied Plaintiff's request for counsel and coerced him into uttering the word "ICE."  Plaintiff only uttered this word because Ehler told Plaintiff that he could not leave the Jail until he said it.  Agent Henning and Unknown Investigating Officers were in a nearby room, but they failed to intervene and prevent violations of Plaintiff's rights under the Fifth and Sixth Amendments.

Plaintiff states that the interrogation "led to [his] arrest on 9-12-2019 where Agent Hening utilized excessive force and committed battery on 8-1-2019 between 1:00 p.m. - 4:00 p.m.  Officer Agent Hening and Roger Ehler and investigating officers conspired to deprive [him] of [his] rights and privileges by using video and audio equipment without prob[ab]le cause."  (*Id*.).  The evidence against him was "fabricated," and he was "set up on a case."

Based on the allegations, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| **Count 1:** | Defendants unlawfully detained Plaintiff after he posted bond on or around August 2, 2019. |
| **Count 2**: | Officer Draper denied Plaintiff mental health treatment for one or more unspecified conditions on August 2, 2019. |
| **Count 3:** | DEA Agent Ehler unlawfully interrogated Plaintiff on August 2, 2019. |
| **Count 4:** | Hening and Unknown Investigating Agent failed to intervene and stop the unlawful interrogation of Plaintiff on August 2, 2019. |

  **Count 5:**  Hening used excessive force against Plaintiff and battered him on or around August 1, 2019.

  **Count 6:**  Hening, Ehlers, and Unknown Investigating Officers conspired to deprive Plaintiff of his constitutional rights and privileges by using audio and video equipment without probable cause to "fabricate" evidence and "set [Plaintiff] up on a case."

  **Count 7:**  FTCA claim against unidentified defendants for undisclosed misconduct.

**Any claims encompassed by the allegations in the Second Amended Complaint but not addressed herein are considered inadequately pled under *Twombly*[1] and dismissed.**

## Discussion

  Plaintiff seeks money damages for numerous constitutional deprivations that occurred in connection with an unlawful interrogation on August 2, 2019. None of the claims survive preliminary review because Plaintiff offers insufficient factual allegations to satisfy the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The United States Supreme Court explained in *Twombly* that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Second Amended Complaint states possible, not plausible, claims.

  With regard to Counts 1, 3, and 4, Plaintiff maintains that he was subject to an unlawful custodial interrogation on August 2, 2019. He blames Officer Draper, Agent Ehler, Officer Hening, and Unknown Investigating Officers in connection with the unlawful interrogation. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court announced specific constitutional guidelines that law enforcement officials and courts must follow before any statement given during a custodial interrogation is admissible as evidence. *Id*. at 442. The admissibility of a statement

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

hinges on the issuance of four warnings, which have come to be known as "*Miranda* rights," by law enforcement officials, *i.e.*, the suspect "has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires."  *Id*.   Plaintiff blames Officer Draper, Agent Ehler, Officer Hening, and Unknown Investigating Officers for their role in coercing his statement on August 2, 2019, but he does not allege that the defendants attempted to admit any portion of his statement as evidence against him in a particular case.  Plaintiff's allegations are vague at best.  Counts 1, 3, and 4 fail to state any claim for relief and shall be dismissed without prejudice.

Counts 2, 5, 6, and 7 are supported by threadbare or conclusory allegations.  Plaintiff mentions potential or suspected constitutional deprivations by certain defendants.  However, he must describe the misconduct of defendants with enough detail to put the Court and the parties on notice of the claims against each person.  FED. R. CIV. P. 8.

Finally, Plaintiff fails to mention several defendants in connection with any claims, including City of Carbondale Police Department and United States of America.  Merely invoking the name of potential defendants is not sufficient to state a claim against them.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Plaintiff must set forth enough facts to state a plausible claim against each defendant.  Otherwise, the Court is left to guess what claims, if any, he intends to bring against each one.  The Court will not engage in a guessing game, even at this early stage in litigation.  All claims against City of Carbondale Police Department and United States of America shall be dismissed without prejudice.

Given these deficiencies in the Second Amended Complaint, the Court finds that dismissal of all claims against the defendants is again appropriate. However, the dismissal shall be without prejudice. If Plaintiff wishes to re-plead any claims in this action, he will have one final opportunity to do so, according to the deadline and instructions in the below disposition.

## Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 19)—including **COUNTS 1, 2, 3, 4, 5, 6,** and **7**—is **DISMISSED** without prejudice for failure to state a claim for relief against **ALL DEFENDANTS.**

Plaintiff is **GRANTED** leave to file a "Third Amended Complaint" on or before **December 15, 2020**. Should Plaintiff fail to file a Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his Third Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "Third Amended Complaint," and list the case number for this action (No. 19-cv-01319-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Third Amended Complaint must stand on its own without reference to any

previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The Third Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, whether or not Plaintiff amends.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/16/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**