IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD V. SNOWDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-01319-JPG |
| | ) |
| ROGER EHLER, | ) |
| JEREMY HENNING, | ) |
| and JARIN DUNNIGAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Now before the Court for consideration is Plaintiff Donald Snowden's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Second Amended Complaint (Doc. 22). For the reasons set forth herein, the motion shall be **DENIED** and this case **DISMISSED**.

BACKGROUND

Snowden filed the Second Amended Complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 19). His claims arise from an allegedly unlawful interrogation that occurred on August 2, 2019. (*Id*. at 7). After posting bond, Plaintiff was informed that he could not leave the Jail until speaking with officers upstairs. (*Id*. at 6). During the course of his interrogation, Plaintiff was denied counsel, denied mental health treatment, and coerced into uttering the word "ICE." Defendants Henning and Unknown Investigating Officers failed to intervene and prevent violations of Plaintiff's constitutional rights. He was later arrested for (presumably) making self-incriminating statements. (*Id*.).

The Second Amended Complaint did not survive screening under 28 U.S.C. § 1915A. This was primarily due to the fact that Plaintiff relied on vague, threadbare, and conclusory allegations in support of his claims. (Doc. 20). He set forth insufficient allegations to state a plausible, as opposed to a possible, claim against any of the defendants, in violation of basic pleading requirements set forth in Federal Rule of Civil Procedure 8 and *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Accordingly, the Court dismissed the Second Amended Complaint without prejudice on November 17, 2020. (Doc. 20).

Plaintiff was granted leave to file a Third Amended Complaint no later than December 15, 2020. (Doc. 20, p. 5). He was warned that the action would be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims if he failed to do so by the deadline. (*Id*. at pp. 4-5) (citing FED. R. CIV. P. 41(b)). He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). (*Id*.)

Plaintiff missed the deadline for filing a Third Amended Complaint on December 15, 2020. He never requested an extension. More than two months passed after the deadline expired with no word from Plaintiff.

Then, on February 18, 2021, Plaintiff filed the instant motion to challenge the Order Dismissing Second Amended Complaint. (Doc. 22). He offered a single new factual allegation in support of his claims: Defendants Henning and Unknown Investigating Officers were *in the same room* with him when they failed to intervene and prevent violations of his Fifth and Sixth Amendment rights during the interrogation. (*Id*. at 1). For this reason, Plaintiff asks the Court to

revisit its Order Dismissing Second Amended Complaint and allow him to proceed.  Alternatively, he asks the Court for the paperwork necessary to file a Third Amended Complaint.  (*Id.*).

Plaintiff offers no legal basis for the relief he seeks.  However, the Court has inherent authority to reconsider nonfinal orders:

> . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See* FED. R. CIV. P. 54(b); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007) ("[N]onfinal orders are generally modifiable").  With that said, motions for reconsideration generally serve a limited purpose—"to correct manifest errors of law or fact or to present newly discovered evidence." *Rodriguez v. City of Chicago*, 2012 WL 4795702, at *1 (N.D. Ill. 2012) (quoting *Caisse v. Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)).

Although the Court has authority to reconsider the Order Dismissing Second Amended Complaint, Plaintiff's single factual allegation does not save any of his claims.  The Court found that the allegations support no plausible claim for a Fifth or Sixth Amendment violation.  This is regardless of Defendants Henning's and Unknown Investigating Officers' presence in the same room with Plaintiff during the interrogation.  This additional fact does fill in any gaps in the chronology of events sufficient to revive his claims. Plaintiff's allegations remain too vague, threadbare, or conclusory.  The Court still finds that the allegations are lacking.  The Second Amended Complaint was thus properly dismissed for violation of Rule 8 and *Twombly* and for failure to state any claim for relief.  Accordingly, the Motion for Reconsideration shall be denied.

3

Plaintiff has since filed a Third Amended Complaint (Doc. 23) and Motion for Recruitment of Counsel (Doc. 21).  He filed both in late February 2021, well beyond the deadline for amending his complaint by mid-December 2020 and without leave of the Court to do so.  Plaintiff had ample opportunity to request an extension, but he never did.  Plaintiff also offers no reason for missing the deadline to file a Third Amended Complaint on December 15, 2020.   Accordingly, the Third Amended Complaint and Motion for Recruitment of Counsel shall be **DISMISSED** based on Plaintiff's failure to comply with the Court's Order (Doc. 20) to file a timely Third Amended Complaint and for failure to prosecute his claims. This case shall be **CLOSED**.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Order Dismissing Second Amended Complaint (Doc. 22) is **DENIED**, and Plaintiff's Third Amended Complaint (Doc. 23) and Motion for Recruitment of Counsel (Doc. 21) are **DISMISSED**, based on his failure to file a timely Third Amended Complaint in compliance with the Court's Order (Doc. 20) and/or his failure to prosecute his claims.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Because the underlying Second Amended Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  He must list each of the issues he intends to appeal in the notice of appeal.  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 3/4/2021**

                                                 s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**